IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARILYN STARKS, on behalf of Plaintiff and the class members described below, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| VANDENBERG CHASE & ASSOCIATES, LLC, | ) ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Marilyn Starks brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Vandenberg Chase & Associates, LLC.

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

3. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The ICFA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect

1

consumers against debt collection abuse." 225 ILCS 425/1a.

5. The ICFA prohibits unfair and deceptive practices in connection with the conduct of trade and commerce with Illinois residents.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

7. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District.

   b. Defendant does or transacts business within this District.

## PARTIES

8. Plaintiff is a resident of Chicago, Illinois.

9. Defendant Vandenberg Chase & Associates, LLC, is a limited liability company chartered under the law of Delaware with its principal office at 887 W. Marietta Street NW, Suite J102, Atlanta, Georgia 30318. It does business in Illinois. Its registered agent and office is Incorp Services, 2501 Chatham Road, Suite 110, Springfield, IL 62704.

10. Defendant operates a collection agency, using the mails and interstate wire communications to collect consumer debts allegedly owed to others.

11. Defendant is a debt collector as defined by the FDCPA.

12. Defendant is a collection agency subject to the ICAA and is licensed under the ICAA.

## FACTS

13. Defendant has been attempting to collect from plaintiff alleged payday loan debts incurred for personal, family or household purposes.

14. In order to collect such debts, defendant has called plaintiff on various occasions during the year prior to the filing of this action.

15. On information and belief, defendant is attempting to collect a high-interest loan obtained by plaintiff over the Internet for personal, family or household purposes.

16. On information and belief, defendant obtained one or more portfolios of payday or high-interest loans to collect.

17. The lender made high-interest loans over the Internet to Illinois residents.

18. The lender sought out Illinois residents for such loans.

19. The lender was never licensed to make loans by the Illinois Department of Financial and Professional Regulation.

20. All loans made by the lender were made at an annual percentage rate exceeding the 9% which a non-bank lender which does not have a license from the Illinois Department of Financial and Professional Regulation may charge for a loan made to an Illinois resident.

21. All such loans were unlawful and unenforceable.

22. Defendant knew or recklessly disregarded the fact that the loans it was attempting to collect were unenforceable.

23. The Illinois Department of Financial and Professional Regulation, which licenses Vandenberg Chase & Associates, LLC, has posted notices on its Web site concerning the making of payday and high-interest loans to Illinois residents by unlicensed lenders located in other states and foreign countries, along with at least one order finding that such unlicensed loans were unlawful (See Exhibits A-D).

## COUNT I – FDCPA

24. Plaintiff incorporates paragraphs 1-23.

25. Vandenberg Chase & Associates, LLC, violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1) by attempting to collect illegal payday loans.

26. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**

>     **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
>     **(2)    The false representation of--**
>
>     **(A)    the character, amount, or legal status of any debt; . . .**
>
>     **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
>     **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

27.    Section 1692f provides:

>     **§ 1692f.    Unfair practices [Section 808 of P.L.]**
>
>     **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
>     **(1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

### CLASS ALLEGATIONS

28.    Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

29.    The class consists of (a) all individuals with Illinois addresses (b) from whom defendant sought to collect a loan made at more than 9% interest (c) made by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation (d) where any communication occurred on or after a date one year prior to the filing of this action.

30.    The class is so numerous that joinder of all members is not practicable.

31.    On information and belief, there are at least 40 individuals with Illinois addresses, from whom defendant sought to collect a loan made at more than 9% interest, made

by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation, where any communication occurred on or after a date one year prior to the filing of this action.

32. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of attempting to collect illegal debts.

33. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

35. A class action is superior for the fair and efficient adjudication of this matter, in that:

  a. Individual actions are not economically feasible.

  b. Members of the class are likely to be unaware of their rights;

  c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

  (1) Statutory damages;

  (2) Actual damages including all amounts collected by defendant from members of the class;

  (3) Attorney's fees, litigation expenses and costs of suit;

  (4) Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

36. Plaintiff incorporates paragraphs 1-23.

37. Defendant is a "collection agency" as defined in the ICAA, 225 ILCS 425/1 et seq.

38. Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

39. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

## CLASS ALLEGATIONS

40. Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

41. The class consists of (a) all individuals with Illinois addresses (b) from whom defendant sought to collect a loan made at more than 9% interest (c) made by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation (d) where any communication occurred on or after a date 5 years prior to the filing of this action.

42. The class is so numerous that joinder of all members is not practicable.

43. On information and belief, there are at least 40 individuals with Illinois addresses, from whom defendant sought to collect a loan made at more than 9% interest, made by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation, where any communication occurred on or after a date 5 years prior to the filing of this action.

44. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendant engages in a practice of attempting to collect illegal debts.

45. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

6

46. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer credit litigation.

47. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    (1) Actual damages including all amounts collected by defendant from members of the class;

    (2) Nominal damages;

    (3) Punitive damages;

    (4) Attorney's fees, litigation expenses and costs of suit;

    (5) Such other and further relief as the Court deems proper.

## COUNT III – CONSUMER FRAUD ACT

48. Plaintiff incorporates paragraphs 1-23.

49. Defendant engaged in both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by attempting to collect illegal payday loans.

50. Defendant engaged in such conduct in the course of trade and commerce.

51. Defendant knowingly or recklessly disregarded the unlawful nature of the debts it sought to collect.

## CLASS ALLEGATIONS

52. Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2).

53. The class consists of (a) all individuals with Illinois addresses (b) from

whom defendant has sought or will in the future seek to collect a loan made at more than 9% interest (c) made by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation.

54. The class is so numerous that joinder of all members is not practicable.

55. On information and belief, there are at least 40 individuals with Illinois addresses, from whom defendant has sought or will in the future seek to collect a loan made at more than 9% interest, made by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation.

56. Defendant has acted on a uniform basis with respect to plaintiff and the entire class, by attempting to collect loans which plaintiff and the class contend are unlawful.

57. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

58. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer credit litigation.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1) An injunction restraining defendant from receiving or attempting to collect money on account of loans made by unlicensed lenders to Illinois residents;

(2) Disgorgement of all amounts collected by defendant from members of the class;

(3) Nominal and punitive damages;

(4) Attorney's fees, litigation expenses and costs of suit;

(5) Such other and further relief as the Court deems proper..

                                                  <u>s/Daniel A. Edelman</u>
                                                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman

Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)